UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>    Defendants. | Case No. 1:19-cv-00785-NONE-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED<br><br>ECF No. 12 |

    Plaintiff Allen Hammler moves for a preliminary injunction to cure ongoing and recurring assault and battery. ECF No. 12. He seeks a court order "directing defendant(s) who are in authority to do so to place the plaintiff on video escort." *Id.* at 1. Plaintiff, in a one-page declaration, states that he has "been repeatedly assaulted by C/O(s) at CSPC, three times in the last month incurring a fractured skull, nose, and three broken ribs." *Id.* at 2. On September 9, 2019, while Hammler was hospitalized in Bakersfield, defendant Cervantes came to the hospital to threaten and further beat him. *Id.* Plaintiff claims that all his pens except one were confiscated and so he does not have the ability to fully set forth his allegations. *Id.*

    A federal district court may issue injunctive relief only if the court has both personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other

1

authority-asserting measure stating the time within which the party served must appear to defend"). The court may not determine the rights of persons not before it. *See Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Rule 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "[P]laintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In addition to establishing irreparable harm, the injunctive relief sought must be related to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). A permanent injunction may be granted only after a final hearing on the merits. *See MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir.1993) ("As a general rule, a permanent injunction will be granted when liability has been established . . . .").

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). As the Ninth Circuit has previously observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts

and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000).

Plaintiff's motion for injunctive relief should be denied without prejudice because he has not established the elements necessary to obtain injunctive relief. Plaintiff does not identify whom he is seeking to enjoin. He also has not demonstrated a likelihood of success on the merits. He has been ordered to pay his filing fee, ECF No. 13, and his motion for reconsideration of that order is currently pending, ECF No. 14. Plaintiff does allege past assaults by unknown persons and threats of further assaults by defendant Cervantes. However, these allegations are so brief and conclusory that it is difficult for the court to assess their likelihood. Finally, plaintiff does not define "video escort" or explain either how the relief he seeks would remedy the alleged harms or whether it is narrowly drawn to be the least intrusive means, as required by the PLRA. Should plaintiff wish to file another motion for injunctive relief, he should address all elements necessary to obtain injunctive relief. Plaintiff should also make sure that his request for injunctive relief is narrow—as required by the PLRA.

**Findings and Recommendations**

I recommend that plaintiff's motion for preliminary injunction, ECF No. 12, be denied without prejudice. These findings and recommendations will be submitted to the U.S. district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, the parties may file written objections with the court. If a party files objections, that party should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations."

IT IS SO ORDERED.

Dated:   November 2, 2020          /s/ Jeremy Peterson
                                                UNITED STATES MAGISTRATE JUDGE