UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>           Plaintiff,<br><br>      v.<br><br>S. SAVOIE,<br><br>           Defendant. | No. 1:19-cv-00785-NONE-JDP<br><br>ORDER VACATING THE DECEMBER 6, 2019 ORDER AND DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION AND TO EXPEDITE CASE<br><br>(Doc. Nos. 13–14, 16–18) |

Plaintiff Allen Hammler ("plaintiff") is a state prisoner proceeding *pro se* in this civil rights action brought under 42 U.S.C. § 1983. On December 6, 2019, the court denied plaintiff's application to proceed *in forma pauperis*, instructed him to pay the required $400 filing fee within twenty-one days, and warned him that the failure to pay that filing fee would result in the dismissal of this case. (Doc. No. 13 at 1–2.) To date, plaintiff has not paid the required filing fee. However, plaintiff has filed motions for reconsideration of the court's December 6, 2019 order and motions to expedite consideration of this action. (Doc. Nos. 14 at 1; 16–18.)

Under the PLRA, a prisoner is barred from proceeding IFP if he has accumulated "three strikes," "'unless the prisoner is under imminent danger of serious physical injury.'" *Bruce v. Samuels*, 577 U.S. 82, 86 (2016) (quoting 28 U.S.C.A. § 1915(g)). In his motions for reconsideration, plaintiff attests to facts that may constitute a plausible showing that he qualifies under the "imminent danger" exception provided in 28 U.S.C.A. § 1915(g). *See Andrews v.*

1

*Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (holding that "the exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."). Plaintiff's complaint also alleges facts that, when read light most favorable to plaintiff, suggest the possibility that he may qualify for the "imminent danger" exception. (*See* Doc. No. 1 IV ¶¶ 18–19, 30.) In the abundance of caution, the court now finds that the issue of whether plaintiff qualifies for the imminent danger should be explored further by the court. Accordingly, the court exercises its discretion to vacate the December 6, 2019 order denying plaintiff's IFP status. *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001) (holding that district courts have the inherent power "to rescind, reconsider, or modify an interlocutory order" at any time). Plaintiff is instructed to file an amended complaint including all factual asserted in his motions for reconsideration in support of his contention that he was in "imminent danger" at the time his complaint was filed so that the assigned magistrate judge can consider that issue based upon all of the facts that plaintiff can allege in good faith.[1] In light of this order, plaintiff's motions for reconsideration will be denied as moot.

Plaintiff also seeks to "expedite this instant action." (Doc. No. 17 at 1; *see also* Doc. No. 18.) Plaintiff, however, fails to specify how this action should be "expedited," nor has plaintiff cited to any statute authorizing the court to grant such relief.

Accordingly, IT IS ORDERED that:

1. The December 6, 2019 order (Doc. No. 13) is VACATED;
2. Plaintiff is instructed to file an amended complaint within forty-five (45) days from the date of this order;
3. The matter is referred back to the magistrate judge to consider the "imminent danger" exception based on plaintiff's amended complaint, or to proceed accordingly if plaintiff fails to file his amended complaint within the specified time period;

---

[1] The court notes that plaintiff did not assert in his original application that he qualified for *in forma pauperis* status under the imminent danger exception and thus that question was not addressed either in the magistrate judge's findings and recommendations or in this court's order adopting that recommendation.

4.  Plaintiff's motions for reconsideration (Doc. Nos. 14, 16) are DENIED as MOOT;

5.  Plaintiff's motions to expedite action (Doc. Nos. 17–18) are also DENIED.

IT IS SO ORDERED.

Dated:   **November 16, 2020**

UNITED STATES DISTRICT JUDGE