UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>          Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA,<br><br>          Defendant. | Case No. 1:19-cv-00785-NONE-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR JUDICIAL NOTICE<br><br>(Doc. Nos. 31, 32)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME<br><br>(Doc. No. 33) |

      Pending before the court are Plaintiff's motions for judicial notice (Doc. Nos. 31-32) and third motion for extension of time to amend his complaint. (Doc. No. 33). Plaintiff Allen Hammler, a current state prisoner, initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 on June 4, 2019. (Doc. No. 1). Plaintiff's complaint stemmed from events that occurred on February 21, 2019 and March 13, 2019, when Plaintiff allegedly was served improper meals and assaulted when he put his hand through a food port door. (*See generally Id*.). On August 13, 2019, the former magistrate judge issued Findings and Recommendations ("F&R") to deny Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). (Doc. No. 10). The F&R was adopted on December 6, 2019. (Doc. No. 13). However, on November 16, 2020, upon reconsideration, the December 6, 2019 order was vacated, and Plaintiff was permitted an opportunity to file an amended complaint to address

whether he met the imminent danger exception to proceed *in forma pauperis*. (Doc. No. 20). Specifically, the District Court instructed Plaintiff within 45 days "to file an amended complaint including all factual asserted [sic] in his motions for reconsideration in support of his contention that he was in 'imminent danger' at the time his complaint was filed so that the assigned magistrate judge can consider that issue based upon all of the facts that plaintiff can allege in good faith." (*Id*. at 2).

On January 25, 2021, Plaintiff untimely moved for an extension of time to amend his complaint. (Doc. No. 24). On March 17, 2021, the Court granted Plaintiff an extension of time until April 23, 2021 to file an amended complaint or face "dismissal of this action for failure to prosecute and timely comply with the court's orders." (Doc. No. 27 at 2-3). With that Order, the Court also provided Plaintiff with a courtesy copy of his motion for reconsideration and supplemental motion for reconsideration for use in preparing his amended complaint. (*Id*. at 3, ¶ 1). On April 25, 2021, Plaintiff again untimely[1] moved for an additional 30-day extension of time to amend his complaint. (Doc. No. 29). Plaintiff claimed due to a mental health episode he was relocated and lost access to his legal materials and thus was unable to prepare any legal documents due to his diminished mental capacity. (*Id.* at 2). Plaintiff represented in his motion that he now had his "affairs in [o]rder" and was "able to [f]reely continue" to amend his complaint. (*Id.* at 2-3). Based on Plaintiff's representations that he could timely amend his complaint, the Court afforded Plaintiff a second extension of time, until May 25, 2021, to file his amended complaint. (Doc. No. 30). In its Order, the Court emphasized that "no further extensions [would] be granted absent extraordinary circumstances" and that Plaintiff's failure to timely file an amended complaint would result in a recommendation of dismissal of the case. (*Id.* at 2).

Instead of filing an amended complaint, Plaintiff filed a "Motion for Judicial Notice and to Limit Scope of Use" on May 17, 2021. (Doc. No. 31). In the motion, Plaintiff details an

---

[1] The Court applies the "prison mailbox rule" to *pro se* prisoner petitions, deeming the petition filed on the date the prisoner delivers it to prison authorities for forwarding to the clerk of court. *See Saffold v. Newland,* 250 F.3d 1262, 1265, 1268 (9th Cir.2000), *overruled on other grounds, Carey v. Saffold,* 536 U.S. 214 (2002). Even affording Plaintiff the benefit of the mailbox rule, the motion was untimely.

2

unrelated underlying state criminal case against Plaintiff that stems from a September 5, 2019 incident during which Plaintiff alleges in defense that guards used excessive force on him. (*Id.*). Plaintiff requests the Court to take "notice" of this incident when weighing whether Plaintiff has established imminent danger to proceed *in forma pauperis*. (*Id.* at 4). On June 10, 2021, Plaintiff re-filed a second "Motion for Judicial Notice" that appears to be identical to his May 17, 2021 Motion for Judicial Notice. (Doc. No. 32). The Court denies Plaintiff's Motions for Judicial Notice. (Doc. Nos. 31-32). Whether Plaintiff faces imminent danger "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). This Court has further held that even when a complaint has been amended, imminent danger is still assessed based on when the original complaint was filed. *Bradford v. Usher*, No. 117CV01128DADSAB, 2019 WL 4316899, at *3 (E.D. Cal. Sept. 12, 2019). The events described in Plaintiff's motions for judicial notice do not relate to the claims in Plaintiff's Complaint and, indeed, occurred after this action was filed. Therefore, they are not relevant in assessing whether Plaintiff faced imminent danger <u>when</u> he filed his original complaint.

With regards to Plaintiff's third untimely motion for extension of time, Plaintiff's sole argument for an extension is that the Court had not ruled on his earlier motions for judicial notice. (*See generally* Doc. No. 33). Fed. R. Civ. P. 6(b)(1)(A) provides for extending deadlines for good cause shown, if the request to extend time is made <u>before</u> the existing deadline. After the deadline has passed, a litigant must also show excusable neglect. *Id.*, 6(B)(1)(B). Here, Plaintiff filed his motion seeking an extension of time well after the deadline to amend his complaint had passed. Plaintiff does not address, let alone, demonstrate either good cause or excusable neglect. Further, the Court's May 10, 2021 Order advised Plaintiff that no further extensions would be granted "absent extraordinary circumstances." (See Doc. No. 30 at 2). The Court finds Plaintiff waiting for the Court to consider a pleading that describes unrelated events to file his amended complaint does not qualify as "extraordinary circumstances." Consequently, the Court denies Plaintiff's third motion for extension of time to amend his complaint.

Accordingly, it is **ORDERED**:

1. Plaintiff's duplicate Motions for Judicial Notice and to Limit Scope of Use (Doc. Nos. 31, 32) are DENIED.
2. Plaintiff's third Motion for Extension of Time (Doc. No. 33) is DENIED.

IT IS SO ORDERED.

Dated:   June 23, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE