UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>        Defendants. | Case No. 1:19-cv-00785-NONE-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS[1]<br><br>OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

This matter comes before the Court upon periodic review. As more fully set forth below, the undersigned recommends this case be dismissed without prejudice due to Plaintiff's failure to prosecute this action and timely comply with the Court's orders.

## I. FACTS AND BACKGROUND

Plaintiff Allen Hammler, a current state prisoner, initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 on June 4, 2019. (Doc. No. 1). Hammler's complaint stems from events that occurred on February 21, 2019 and March 13, 2019, when he was allegedly served improper meals and assaulted after he put his hand through a food port door.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

(*See generally Id.*). On August 13, 2019, the former magistrate judge issued Findings and Recommendations ("F&R") to deny Hammler's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). (Doc. No. 10). The F&R was adopted on December 6, 2019. (Doc. No. 13). On November 16, 2020, upon reconsideration, the December 6, 2019 order was vacated, and Hammler was permitted an opportunity to file an amended complaint to address whether he met the imminent danger exception to proceed *in forma pauperis*. (Doc. No. 20). Specifically, the District Court instructed Hammler within 45 days "to file an amended complaint including all factual asserted [sic] in his motions for reconsideration in support of his contention that he was in 'imminent danger' at the time his complaint was filed so that the assigned magistrate judge can consider that issue based upon all of the facts that plaintiff can allege in good faith." (*Id*. at 2).

On January 25, 2021, Hammler untimely moved for an extension of time to comply with the Court's November 16, 2020 Order and file his amended complaint. (Doc. No. 24). On March 17, 2021, the Court granted Hammler an extension of time, until April 23, 2021, to comply with the November 16, 2020 Order or face "dismissal of this action for failure to prosecute and timely comply with the court's orders." (Doc. No. 27 at 2-3). With that Order, the Court also provided Hammler with a courtesy copy of his motion for reconsideration and supplemental motion for reconsideration for use in preparing his amended complaint. (*Id*. at 3, ¶ 1). On April 25, 2021, Hammler again untimely[2] moved for an additional 30-day extension of time to amend his complaint. (Doc. No. 29). Hammler claimed he was relocated as a result of a mental health episode and lost access to his legal materials; and, thus was unable to prepare any legal documents due to his diminished mental capacity. (*Id.* at 2). Hammler represented in his motion that he now had his "affairs in [o]rder" and was "able to [f]reely continue" to amend his complaint. (*Id.* at 2-3). Based on Hammler's representations that he could timely amend his complaint, the Court afforded him a second extension of time, until May 25, 2021, to file his amended complaint. (Doc. No. 30). In its Order, the Court emphasized that "no further

---

[2] The Court applies the "prison mailbox rule" to *pro se* prisoner petitions, deeming the petition filed on the date the prisoner delivers it to prison authorities for forwarding to the clerk of court. *See Saffold v. Newland,* 250 F.3d 1262, 1265, 1268 (9th Cir.2000), *overruled on other grounds, Carey v. Saffold,* 536 U.S. 214 (2002). Even affording Plaintiff the benefit of the mailbox rule, the motion was untimely.

extensions [would] be granted absent extraordinary circumstances" and that Hammler's failure to timely file an amended complaint would result in a recommendation of dismissal of the case. (*Id.* at 2). Instead of timely filing an amended complaint, Hammler filed a "Motion for Judicial Notice and to Limit Scope of Use" on May 17, 2021. (Doc. No. 31). Hammler also untimely moved on June 9, 2021 for a third extension of time to amend his complaint. (Doc. No. 33). The Court denied that motion, finding Hammler had not shown good cause or excusable neglect to warrant any further extensions. (Doc. No. 34). Hammler has not filed an amended complaint as of the date of these Findings and Recommendations. (*See* docket).

## II.  APPLICABLE LAW

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances."). Local Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with any order of the court.

Involuntary dismissal is a harsh penalty, but it "is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *See Applied Underwriters*, 913 F.3d at 889  (noting that these five factors "must" be analyzed before a Rule 41 involuntary dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because district court did not make finding as to each factor); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same five factors, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* §

3

1983 action when plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

## III. ANALYSIS

The undersigned considers each of the above-stated factors and concludes dismissing this case is warranted. The expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990–91 (9th Cir. 1999). Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated. This Court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. The Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). Delays have the inevitable and inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). Attempting a less drastic action, such as allowing Hammler a third extension to file an amended complaint, would be futile because Hammler has been provided multiple extensions and has failed to do so. Granting an additional extension would inevitably end in the same result. Finally, the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

Over seven months ago, the Court granted Hammler reconsideration and directed him to file an amended complaint to address the factual circumstances to support his claim of imminent danger. (Doc. No. 20). The Court granted Hammler two extensions of time totaling six-months

of time to file his amended complaint. (Doc. Nos. 27, 30).  The Court provided Hammler with courtesy copies of his previous filings to assist him in filing his amended complaint.  (Doc. 27). And the Court repeatedly warned Hammler that his failure to file a timely amended complaint would be cause for dismissal.  (Doc. No. 20 at 2, ¶ 3; Doc. No. 27 at 3; Doc. No. 30 at 2).  As noted by his three-strike status, Hammler is no novice to filing federal lawsuits.  But instead of filing an amended complaint to set forth facts to support his contention that he was in imminent danger in 2019 when he first commenced this action, Hammler instead filed other pleadings concerning unrelated events.  (*See* Doc. Nos 31, 32, 34).  Considering these factors and those set forth *supra*, as well as binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41(b) and Local Rule 110.

Accordingly, it is **RECOMMENDED**:

This case be dismissed without prejudice.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   June 28, 2021

/s/ Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5