UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>        Defendants. | No. 1:19-cv-00785-NONE-HBK (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION<br><br>(Doc. No. 35) |

      Plaintiff Allen Hammler is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On August 13, 2019, the magistrate judge previously assigned to this case issued findings and recommendations recommending that plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) be denied.  (Doc. No. 10.)  Those findings and recommendations were adopted on December 6, 2019.  (Doc. No. 13.)  However, that order was vacated upon reconsideration on November 16, 2020, and plaintiff was permitted an opportunity to file an amended complaint to address whether he met the imminent danger exception to proceed *in forma pauperis* in this case.  (Doc. No. 20.)

/////

1    On January 25, 2021, plaintiff untimely moved for an extension of time to comply with the court's November 16, 2020 order requiring him to file his amended complaint. (Doc. No. 24.) On March 17, 2021, the court granted plaintiff an extension of time until April 23, 2021, with a warning that his failure to timely amend within the time provided would be cause for "dismissal of this action for failure to prosecute and timely comply with the court's orders." (Doc. No. 27 at 2-3.) The court also provided plaintiff with a courtesy copy of his motion for reconsideration and his supplemental motion for reconsideration for use in preparing his amended complaint. (*Id*. at 3, ¶ 1.)

    On April 25, 2021, plaintiff again untimely[1] moved for an additional 30-day extension of time to amend his complaint. (Doc. No. 29.) Based on plaintiff's representations that he had his "affairs in [o]rder" and was "able to [f]reely continue," the court afforded him a second extension of time, until May 25, 2021, to file his amended complaint. (Doc. No. 30.) The court cautioned that "no further extensions [would] be granted absent extraordinary circumstances" and that plaintiff's failure to timely file an amended complaint would result in a recommendation of dismissal of the case. (*Id.* at 2.)

    Rather than amending his complaint, plaintiff filed a "Motion for Judicial Notice and to Limit Scope of Use" on May 17, 2021. (Doc. No. 31.) Plaintiff also untimely moved on June 9, 2021 for a third extension of time to amend his complaint. (Doc. No. 33.) The court denied that motion, finding plaintiff had not shown good cause or excusable neglect to warrant any further extensions. (Doc. No. 34.)

    On June 28, 2021, after plaintiff again failed to amend his complaint, the magistrate judge issued findings and recommendations recommending that the court dismiss this action without prejudice due to plaintiff's repeated failure to prosecute and failure to comply with court orders. (Doc. No. 35.) The findings and recommendations were served on plaintiff and contained notice that any objections must be filed within 21 days of service. (*Id.* at 2.) Plaintiff was granted a

---

[1] The Court applies the "prison mailbox rule" to *pro se* prisoner petitions, deeming the petition filed on the date the prisoner delivers it to prison authorities for forwarding to the clerk of court. *See Saffold v. Newland,* 250 F.3d 1262, 1265, 1268 (9th Cir.2000), *overruled on other grounds, Carey v. Saffold,* 536 U.S. 214 (2002). Even affording plaintiff the benefit of the mailbox rule, the motion was untimely.

further seven day extension on October 8, 2021. (Doc. No. 36.) As of the date of this order, plaintiff has not amended his complaint nor has he filed objections to the pending findings and recommendations, and the time to do so has lapsed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis. This case will be dismissed due to plaintiff's failure to prosecute and comply with court orders.

Accordingly,

1. The findings and recommendations issued on June 28, 2021 (Doc. No. 35) are adopted in full;
2. This action is dismissed without prejudice due to plaintiff's failure to prosecute this action and comply with court orders; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **October 27, 2021**               /s/ Dale A. Drozd
                                    UNITED STATES DISTRICT JUDGE